DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the denial of a motion to withdraw a guilty plea by the Williams County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On April 27, 2005, appellant, Rodney Baranowski, was indicted on a charge of unlawful sexual conduct with a minor in violation of R.C.2907.04 (B)(3). After the first indictment, the sheriff found the same 15 year old girl at appellant's residence. Appellant was arrested and subsequently indicted for the same charge on May 18, 2005. On June 7, 2005, appellant entered pleas of guilty to both charges. Appellant requested the court release him on bond pending sentencing to tend to time-sensitive business affairs. The court stated that appellant could be released for a week prior to sentencing. The plea agreement with the prosecutor did not include such a release. Prior to the bond hearing scheduled for June 15, the court became aware that appellant was in contact with the child victim, and appellant and the victim were planning to leave the jurisdiction together. The trial court denied appellant's release on bond. Subsequently, appellant filed a motion to substitute counsel and filed a motion to withdraw his guilty plea. The court granted the motion to substitute counsel. On July 13, 2005, the trial court held a hearing on the motion to withdraw the plea. After direct and cross-examination of appellant's previous counsel, the trial court found there was no basis to grant a motion to withdraw the plea. The court denied the motion then proceeded directly to sentencing. The court imposed a sentence of two terms of two years incarceration to be served concurrently.
 {¶ 3} Appellant sets forth the following single assignment of error:
 {¶ 4} "The trial court abused its discretion when it denied appellant's motions to withdraw plea."
 {¶ 5} This court reviews the denial of a motion to withdraw a guilty plea on the basis of whether the trial court abused its discretion. There is no guaranteed right to withdraw a guilty plea, therefore it is within the discretion of the trial court to determine the circumstances justifying a grant of the motion. State v. Peterseim (1980),68 Ohio App.2d 211, 214. Abuse of discretion is more than an error of law or judgment; it is where the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} This court has used the following four prong test as the standard to determine abuse of discretion in denying a withdrawal of a guilty plea:
 {¶ 7} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Sage (Feb. 1, 1985), 6th Dist. No. 10443; citing Statev. Peterseim (1980), 68 Ohio App.2d 211, 214.
 {¶ 8} First, in the absence of positive proof to the contrary, a properly licensed attorney is presumed competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301. At the hearing on the motion to withdraw the plea, through testimony by his previous counsel, appellant introduced evidence of a breakdown in communication between appellant and his counsel. Appellant's previous counsel testified that appellant's collect calls were denied by his office, and there was "a lack of trust and a breakdown of communication between attorney and client" after appellant had been denied release on bond to take care of some business affairs. The alleged miscommunication between appellant and his counsel occurred after the entry of the plea. The requirement of competent counsel is to prevent failure by attorneys to explain to their clients the waiver of their rights and the consequences of entering a guilty plea. In this regard, appellant's counsel was highly competent. In the record of the hearing for entry of the guilty plea, appellant's counsel answered questions and explained the right of appeal, the procedure for obtaining an appeal, and that appellant should not rely on a right to appeal to avoid the sentence imposed. Furthermore, at the hearing appellant stated that he was satisfied with his previous counsel's services as an attorney. Therefore, appellant fails to show that prior counsel was incompetent at the time of entry of the plea.
 {¶ 9} Second, appellant was afforded a full hearing, pursuant to Crim. R. 11, before entering the guilty plea. According to the record, appellant entered the plea voluntarily and he understood the nature of the charges and the penalty imposed. Furthermore, appellant stated he understood the effect of the plea and that the court will proceed to sentencing. Finally, appellant stated that he understood that upon entering the plea, he waived his right to a jury trial, confrontation of witnesses, compulsory process for obtaining witnesses, and the requirement of the state to prove his guilt beyond a reasonable doubt where appellant himself cannot be forced to testify against himself.
 {¶ 10} Third, appellant was afforded a complete and impartial hearing on the motion to withdraw the plea. After changing counsel, appellant was able to call his former attorney as a witness to communication issues between appellant and former counsel. The trial court heard arguments from appellant's new counsel and appellee regarding the motion. Thus, the record shows the hearing was complete and impartial.
 {¶ 11} Finally, the court gave full and fair consideration to the request for withdrawal of the motion. The court acknowledged that it was favorably disposed to grant release to appellant to tend to his business affairs. However, the release was not included in the plea agreement, and therefore the guilty plea was not entered on the condition of his release. Furthermore, after the hearing where appellant entered his plea, the court became aware that appellant was attempting to contact the child victim and upon release appellant was planning to leave the jurisdiction with the victim. The record shows that the trial court considered fully the request to withdraw the plea but since the release was not part of the plea agreement, and appellant threatened to leave the jurisdiction with the child victim, the court denied the motion.
 {¶ 12} Since appellant fails to show that any of the four prongs was absent, the trial court did not abuse its discretion upon denying the motion to change a guilty plea.
 {¶ 13} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, Skow, and Parish, J., concur.