[Cite as *State v. Arab*, 2021-Ohio-3378.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-20-1119

     Appellee                                 Trial Court No.  CR0201401194

v.

Ray Abou Arab                               **DECISION AND JUDGMENT**

     Appellant                              Decided:  September 24, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Ray Abou Arab, from the

June 18, 2020 judgment of the Lucas County Court of Common Pleas.  For the reasons that

follow, we affirm.

**Assignment of Error**

Did the court abuse its discretion such that a manifest injustice occurred when it denied appellant's Motion to Withdraw Plea without an evidentiary hearing based on arguably ineffective performance of interpreters, when appellant's first language is not English, the record does not reflect that the interpreters communicated with him directly, and he now alleges [he] did not understand the implications of his plea?

**Background**

{¶ 2} On January 26, 2014, a garage located at 528 Magnolia in Toledo, Lucas County, Ohio, as well as two apartments attached to the garage, caught fire. Two firefighters from the Toledo Fire Department, Private Stephen Machcinski and Private James Dickman, died while fighting the fire.

{¶ 3} Appellant was the owner of 528 Magnolia and on or about February 7, 2014, he was charged by way of indictment with two counts of aggravated murder, in violation of R.C. 2903.01(B) and (F), with two death penalty specifications, two counts of murder, in violation of R.C. 2903.02(B) and R.C. 2929.02, eight counts of aggravated arson, in violation of R.C. 2909.02(A)(1), each a felony of the first degree, and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree. Appellant entered pleas of not guilty to all of the charges.

{¶ 4} Although, as stated in the trial court's judgment entry, "it was represented to the [trial] Court that [appellant] was able to effectively communicate with defense

2.

counsel throughout the entire process – [and no] language barrier present[ed] itself to the Court during previous proceedings," the trial court appointed certified interpreters to assist appellant during the trial and the plea hearing as the trial court understood that "there's some words that give [appellant] difficulty in translation."

{¶ 5} The matter proceeded to a jury trial on April 24, 2017. During the trial, interpreters were present in court. On May 11, 2017, the court granted a motion by the defense for a mistrial. On that same date, appellant withdrew his pleas of not guilty and entered pleas of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to two counts of involuntary manslaughter, in violation of R.C. 2903.04(A), felonies of the first degree, and two counts of aggravated arson, in violation of R.C. 2909.02(A)(1), also felonies of the first degree.

{¶ 6} At the plea hearing, interpreters were present in court. When appellant's attorneys were asked by the court if they had an opportunity to review the plea form with appellant, appellant's attorney represented to the court that they "used the interpreter, who has been sworn throughout the course of [the] trial and remains under oath, to certify that his assistance has been accurate and that the defendant has no questions about the plea form, the substance of this proceeding *** as well as the other notifications in the arson registration requirement ***."

{¶ 7} The court went over the plea form with appellant and appellant responded to the court's questions in English. During this exchange, the court repeatedly questioned appellant as to whether there were any language barriers, to which appellant consistently

3.

responded in the negative. The court also informed appellant that "[i]f there are any words that *** you need to have explained in a different way or explained in your birth language, then go ahead and stop the Court and ask the question of your translator. I'll have the translator speak back to me what was requested."

{¶ 8} After the court explained to appellant the plea and the consequences thereof, including the arson registration requirements, the court accepted the plea, found appellant guilty and immediately proceeded to sentencing. The judge merged the aggravated arson counts into the involuntary manslaughter counts and sentenced appellant to serve two consecutive ten year sentences for the involuntary manslaughter counts.

{¶ 9} Appellant did not file a direct appeal of this sentence, nor did appellant file any motion for postconviction relief.

{¶ 10} On April 7, 2020, appellant filed a pro se "Motion for Judicial Release" in which he requested to withdraw his plea, arguing that that he did not understand that he would be required to register as an arsonist for the remainder of his life and would not have entered into the plea had he understood this. As the motion was entitled a motion for a judicial release but the body of the motion requested that appellant be permitted to withdraw his plea, on June 18, 2020, the trial court considered the motion both as a request to withdraw pursuant to Crim.R. 32.1 and as a request for judicial release and denied the motion under both theories.

{¶ 11} On July 17, 2020, appellant filed a pro se appeal to this court. Appellant filed a pro se merit brief on August 20, 2020, and the state filed its brief on September 4,

4.

2020. On November 24, 2020, this court appointed an attorney to represent appellant for purposes of this appeal and appellant's pro se brief as well as the state's brief were both stricken. New briefs were then filed.

**Analysis**

{¶ 12} Appellant argues that the court abused its discretion by denying his motion to withdraw plea without first conduct a hearing.[1] He maintains that there are questions of fact as to whether he understood the terms and conditions of the plea agreement as the record does not show that the translation services were properly provided. As support, appellant attached three affidavits to his appellate brief.

{¶ 13} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 14} As appellant's motion was filed after sentencing, appellant is only entitled to withdraw his plea to correct manifest injustice. The burden is on appellant to establish manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "Manifest injustice" is defined as "a 'clear or openly unjust act,' and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of

---

[1]Appellant does not present any arguments regarding the trial court's analysis when considering his motion as a request for judicial release. Thus, this court's opinion is limited to the trial court's consideration of appellant's motion as a request to withdraw plea under Crim.R. 32.1.

5.

justice." (Citations omitted.)  *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14.  The term "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id*., quoting *Smith* at 264.  One relevant factor which mitigates against granting the motion is "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion."  *Id*. at ¶ 15, quoting *Smith* at 264.

{¶ 15} We review the trial court's denial of appellant's motion under an abuse of discretion standard.  *State v. Baranowski*, 6th Dist. Williams No. WM-05-010, WM-05-011, 2005-Ohio-6131, ¶ 5.  "An abuse of discretion occurs when a court's decision is unreasonable, arbitrary or unconscionable."   *State v. Bell*, 6th Dist. Wood No. WD-19-065, 2020-Ohio-3750, ¶ 20, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} With respect to appellant's contention that it was an abuse of discretion for the trial court to deny his motion without a hearing, we note that a "trial court is not required to hold a hearing on a postsentence motion to withdraw a plea if the facts alleged by the defendant, even if accepted as true, do not demonstrate a reasonable likelihood that withdrawal of the plea is necessary to correct a manifest injustice."  *State v. Johnson*, 6th Dist. Lucas No. L-18-1214, 2019-Ohio-4613, ¶ 18, citing *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 13.

{¶ 17} Initially, the state argues that the affidavits attached to appellant's brief must be stricken as they were not before the trial court.  Appellant counters that the trial

6.

court "opened the door" to the introduction of this additional evidence with the following statement from the trial court's judgment entry.

> In addition, [appellant] has provided no claim based on evidence outside of the record for the Court to consider. Since the Court finds that there is 1) no manifest injustice to correct; 2) *no evidence being provided outside the record*; and 3) no appeal or motion for post-conviction relief being filed addressing these claims within the statutorily set time frames; [appellant's] claims under Crim.R. 32.1 are hereby barred by *res judicata*. (Emphasis added.)

{¶ 18} "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of syllabus. Rather, we are "limited to what transpired in the trial court as reflected by the record made of the proceedings." *Id*. at 406. As the affidavits attached to appellant's brief were not before the trial court, we cannot consider them here. The trial court's statements do not otherwise allow us to consider these affidavits.

{¶ 19} The state also raises the general argument that statements made in appellant's pro se brief should be binding on appellant and that appellant should not be permitted to make arguments contrary to statements made in his pro se brief. As we have stricken appellant's pro se brief, we will not consider statements made therein.

7.

**{¶ 20}** With regard to the substance of appellant's argument, we first find that appellant's motion is barred by the doctrine of res judicata. "The doctrine of res judicata provides that 'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment.'" *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 26 (6th Dist.), quoting *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 18. In the context of a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea, res judicata bars an appellant from raising claims could have been raised on direct appeal." *Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, at ¶ 23.

**{¶ 21}** Here, appellant's arguments at the trial court level were based entirely upon the record[2] and, as such, were available at the time of a direct appeal. Appellant's failure to raise these claims on direct appeal precludes him from raising them now. *See State v. Cain*, 6th Dist. Lucas No. L-20-1126, 2021-Ohio-1841, ¶ 12.

**{¶ 22}** We also find that appellant's motion fails on the merits. Appellant argues that there is a question of fact as to whether he entered into the plea and sentencing

---

[2] While appellant attempted to add additional material on appeal, we are not permitted to consider this additional evidence.

agreement knowingly, intelligently, and voluntarily, as required by Crim.R. 11. In his original motion, appellant alleged that he did not have adequate time to consider the plea and that he did not understand the "real ramifications of the pleas," including that he would be required to register as an arsonist for the rest of his life. On appeal, appellant maintains that there is a question as to whether appellant understood the plea and sentencing proceedings as English is not his first language and the translation services provided to him did not meet the requirements set forth in *State v. Pina*, 49 Ohio App.2d 394, 361 N.E.2d 262 (2d Dist.1975).

{¶ 23} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). We review the record to determine whether the plea is knowing, intelligent and voluntary. *State v. Never*, 6th Dist. Lucas No. L-08-1076, 2009-Ohio-1473, ¶ 71, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992).

{¶ 24} After reviewing the record, we find appellant's argument that he did not understand the proceedings is not supported by the record. Appellant repeatedly denied that there were any language barriers and declined any additional time to clarify anything with his interpreter. Moreover, appellant conversed with the judge in English throughout the proceeding and responded in the affirmative when asked whether he understood the judge's statements. Although we note that appellant once responded yes when the

9.

appropriate answer was no, we do not find that one misstatement to be sufficient evidence of manifest injustice when considered in the context of the entire transcript. [3]

{¶ 25} Appellant takes issue with the fact that there is no evidence that the interpreters translated the judge's questions into Arabic for appellant and that the court did not follow the procedure set forth in *Pina*, 49 Ohio App.2d 394, 361 N.E.2d 262.  We find it was not necessary for the interpreters to translate the judge's questions as appellant represented that he understood the questions as spoken in English.  Further, the facts in *Pina* were significantly different than in this case.  In *Pina*, the defendants never spoke English in court and could not converse with their attorneys without the assistance of an interpreter.  *Id*. at 395-96.  Additionally, the record did not contain a direct translation of

---

[3] Appellant has pointed to the following exchange as evidence that appellant did not understand the court proceedings.

>     THE COURT:  Mr. Abou Arab, are you currently on felony probation, parole, or community control to any other court or jurisdiction?
>
>     THE DEFENDANT:   Yes, Your Honor.
>
>     [APPELLANT'S ATTORNEY]  No, no.
>
>     THE COURT:   So, right now, you are in custody on this matter, but you've had no prior convictions?
>
>     THE DEFENDANT:  No.
>
>     THE COURT:  You are not on probation or community control or parole for any other cases, sir?
>
>     THE DEFENDANT:  No, I'm not.

10.

what the defendants said in any language. *Id.* at 396. Unlike the defendants in *Pina*, here appellant was able to converse with both the court and his attorneys in English and appellant's responses at the plea hearing are in the record.

{¶ 26} We therefore find that appellant has not met his burden of showing that the withdrawal of his plea is necessary to correct a manifest injustice. Further, as appellant has not shown a manifest injustice, we find that the trial court did not abuse its discretion by denying appellant's motion to withdraw his plea without a hearing. Appellant's assignment of error is not well-taken.

{¶ 27} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                   _____
                                                    JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

                                        _____
                                                    JUDGE

                                        _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.