[Cite as *Toledo v. Martin*, 2024-Ohio-2383.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo

      Appellee

v.

Frank Martin

      Appellant

Court of Appeals No.  L-23-1177
L-23-1178

Trial Court No. CRB-22-11494
TRD-23-06436

**DECISION AND JUDGMENT**

Decided: June 21, 2024

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Hank Schaefer, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Frank Martin appeals from two judgments of the Toledo Municipal Court, convicting him of one count of theft and one count of failure to stop after an accident.  For the following reasons, the trial court's judgments are affirmed.

## I. Factual Background and Procedural History

{¶ 2} In case No. CRB022011494, Martin was charged with one count of theft in violation of R.C. 2913.02(A)(2), a misdemeanor of the first degree. In case No. TRD023006436, Martin was charged with one count of failure to reinstate a license in violation of R.C. 4510.21, an unclassified misdemeanor, one count of failure to stop after an accident in violation of R.C. 4549.02, a misdemeanor of the first degree, and one count of failure to control in violation of R.C. 4511.202, a minor misdemeanor.

{¶ 3} On July 19, 2023, Martin entered a plea of no contest to the charges of theft and failure to stop after an accident. In exchange, the prosecution dismissed the remaining charges.

{¶ 4} The trial court then proceeded immediately to sentencing. Defense counsel noted that Martin was currently serving jail time on separate charges out of Oregon Municipal Court. Further, counsel asserted that Martin was due to appear in the Lucas County Court of Common Pleas on pending felony charges stemming from his drug issues. Counsel requested that the trial court order Martin's sentences to be served concurrently so that he could finish his jail time and be able to receive treatment services from his felony case.

{¶ 5} Upon consideration of the parties' arguments as well as Martin's criminal history and statements from the victims, the trial court sentenced Martin to serve 180 days in jail on the charge of theft, and 180 days in jail on the charge of failure to stop. The court ordered the theft sentence to be served concurrently, but ordered the failure to stop sentence to be served consecutively to any other sentence.

2.

## II. Assignment of Error

{¶ 6} Martin timely appealed the trial court's judgments, asserting one assignment of error for review:

1. The court erred in imposing consecutive sentences.

## III. Analysis

{¶ 7} This court reviews the imposition of misdemeanor sentences for an abuse of discretion. *State v. Johnson*, 2019-Ohio-4613, ¶ 31 (6th Dist.), citing *State v. Ostrander*, 2011-Ohio-3495, ¶ 28 (6th Dist.). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 8} R.C. 2929.41(B)(1) provides that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively. . ." "Unlike in a felony case, a trial court in a misdemeanor case is not required to make any specific findings before imposing consecutive sentences." *Johnson* at ¶ 32, citing *State v. Burley*, 2017-Ohio-378, ¶ 10 (7th Dist.).

{¶ 9} In support of his assignment of error, Martin argues that following his misdemeanor convictions, the Lucas County Court of Common Pleas in case No. CR-0202301984 sentenced him to a non-prison sanction that included six months in the Lucas County Correctional Treatment Facility ("CTF"). He contends that he is currently being held in jail on his misdemeanor convictions in contravention of the general rule in R.C. 2929.41(A) that "[e]xcept as provided in division (B)(3) of this section, a jail term

3.

or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution." Martin argues that his misdemeanor sentences should be modified to be served concurrently so that they do not block him from moving to CTF once a bed is available and that all jail time must run concurrently with his time at CTF.

{¶ 10} Martin's argument, however, raises issues that are not before this court. Martin appealed from his misdemeanor convictions, and it is those judgments over which this court has jurisdiction. *See* Article IV, Section 3(B)(2) ("Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district. . ."); R.C. 2505.03(A) ("Every final order, judgment, or decree of a court . . . may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."); R.C. 2505.04 ("An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court . . ."). At the time they were entered, the trial court's judgments imposed two 180-day jail sentences; one to be served concurrently, and the other to be served consecutively to an existing jail sentence out of Oregon Municipal Court. The trial court's imposition of sentences complied with R.C. 2929.41. Indeed, in his supplemental brief, Martin concedes that the trial court's imposition of consecutive sentences was proper. Thus, those judgments must be affirmed. This court cannot

4.

entertain the impact that a subsequent conviction in a separate felony case has on the misdemeanor sentences in this case.

{¶ 11} Accordingly, Martin's assignment of error is not well-taken.

### IV.  Conclusion

{¶ 12} For the foregoing reasons, the judgments of the Toledo Municipal Court are affirmed.  Martin is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                    _____
                                                          JUDGE
Myron C. Duhart, J.

Charles E. Sulek, P.J.                    _____
CONCUR.                                                JUDGE

                                                    _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.