**[Cite as *State v. Battle*, 2025-Ohio-4731.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-24-047

      Appellee                                     Trial Court No. CRB-24-00662A

v.

Noah J. Battle                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  October 14, 2025

* * * * *

Mark S. O'Brien, Esq., for appellant.

James E. VanEerten, Esq., Ottawa County Prosecutor and
Daivia S. Kasper, Esq., Chief Assistant Prosecutor, for appellee.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Noah Battle, appeals from the November 15, 2024 judgment of

the Ottawa County Municipal Court sentencing him to an aggregate jail term of 540 days

following his guilty plea to three misdemeanor drug possession offenses. For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} Appellant was charged via complaint with one count of attempted aggravated possession of drugs in violation of R.C. 2923.02(A) and 2925.11(A)(C)(1)(a) and two counts of possession of drugs in violation of R.C. 2925.11(A)(C)(2)(a); each a first-degree misdemeanor. The charges arose from a traffic stop that occurred on July 31, 2023. When approaching the vehicle, the officer initiating the stop observed the odor of burnt marijuana. During a subsequent search of appellant's vehicle, the officer found appellant in possession of Dextroamphetimine, Tramadol, and Alprazolam.

{¶ 3} Appellant was originally indicted in the Ottawa County Court of Common Pleas on one count of aggravated possession of drugs, a fifth-degree felony, and two first-degree misdemeanor possession of drug offenses. Following plea negotiations, the state agreed to dismiss the common pleas indictment and refile three misdemeanor possession offenses in the Ottawa County Municipal Court in exchange for appellant's guilty plea to the misdemeanor offenses. Appellant entered his guilty plea on September 3, 2024. The trial court accepted his plea and ordered him to participate in a presentencing investigation. The court indicated that its primary purpose in ordering the investigation was to determine "whatever is happening with your life and with substances especially" so that it could impose "an appropriate punishment[.]" The trial court released appellant

2.

pending sentencing on the condition, relevant to the present appeal, that he not ingest any "substance[s] of abuse."

{¶ 4} Appellant appeared for sentencing on November 15, 2024. At that time, the trial court noted that appellant appeared for his initial presentencing interview with the adult probation department late and that he "reek[ed]" of marijuana at the time. Further, the court noted that prior to sentencing, appellant did not take part in any of the drug counseling services available to him. Finally, the court referenced appellant's appearance at sentencing, during which he "smell[ed]" of marijuana. Appellant had also tested positive for marijuana and Suboxone, a substance for which he had not provided a prescription to the court, during a drug screening administered prior to sentencing. The trial court also indicated that appellant's failure to obtain marijuana through a legal dispensary rendered his use of it illegal. The trial court also noted that appellant had been offered, and declined, multiple opportunities to seek help with addiction issues while the charges were pending.

{¶ 5} Appellant argued that his current use of marijuana was legal following the passage of an amendment to the Ohio Constitution legalizing recreational marijuana and that he used it to treat his post-traumatic stress disorder. He also denied the use of any other drugs, including Suboxone, claiming that he had to pass drug tests to maintain his current employment. He also attributed the smell of marijuana he exhibited at sentencing to residual odor on his coat from being in the vehicle where he had used marijuana in the past.

3.

{¶ 6} At the conclusion of the hearing, the trial court imposed a 180-day jail term on each of appellant's offenses. He ordered appellant to serve those sentences consecutively for an aggregate jail term of 540 days.

## B. Assignment of Error

{¶ 7} Appellant timely appealed the trial court's judgment and asserts the following error for our review:

> The trial court committed reversible error by imposing upon appellant the maximum sentence permitted by R.C. 2929.24 and 2929.28 based not upon consideration of the principles, purposes and factors required by R.C. 2929.21 and 2929.22, but rather upon its concern for appellant's ostensible, ongoing use of marijuana – a substance that is legal in the State of Ohio for recreational use.

## II. Law and Analysis

{¶ 8} In his single assignment of error, appellant argues that the trial court erred in imposing his sentence because it did not base the length of that sentence on the principles and purposes of misdemeanor sentencing, as established in R.C. 2929.21 and 2929.22. Instead, he argues, the trial court based his sentence "primarily, if not exclusively" on his marijuana use. Appellant also argues that the record is devoid of the trial court's consideration of the statutory factors, rendering his sentence arbitrary.

{¶ 9} We review misdemeanor sentences for an abuse of discretion. *State v. Haas,* 2025-Ohio-683, ¶ 67 (6th Dist.), citing *State v. Johnson,* 2019-Ohio-4613, ¶ 31 (6th Dist.). An abuse of discretion occurs when the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1993). Having

4.

reviewed the record, we find that the trial court did not abuse its discretion when it imposed appellant's sentence.

{¶ 10} Appellant's argument is premised on two unfounded assertions. First, he argues that the trial court did not consider the required factors described in R.C. 2929.21 and 2929.22 because it did not expressly state that it had done so. Second, he argues that the trial court's mischaracterization of his marijuana use as "illegal" was an improper factor to consider in determining his sentence. We address these issues in turn.

{¶ 11} As to the trial court's consideration of the purposes and principles of misdemeanor sentencing, it is undisputed that the trial court did not expressly reference its consideration of those factors when it imposed sentence. Appellant argues that the trial court's silence as to its consideration of those factors indicates that it did not consider them. This is incorrect. Instead, when the record is silent as to the trial court's consideration of the applicable misdemeanor sentencing factors, we may presume that they were considered. *Haas* at ¶ 68. "That presumption will only be destroyed if, for instance, the trial court introduced an improper factor into the maximum sentencing determination." *Id.* As described below, there is no indication in the record that the trial court considered an improper factor when it determined appellant's sentence. As a result, we presume that the trial court considered the sentencing factors described in R.C. 2929.21 and 2929.22.

{¶ 12} As to the trial court's alleged focus on appellant's marijuana use, we find that the record does not support appellant's assertion that the court's primary factor in

5.

determining his sentence was its belief that his marijuana use was illegal. Appellant is correct that Ohio voters approved a constitutional amendment to legalize recreational marijuana use on November 7, 2023, approximately one year prior to his sentencing. Appellant is also correct that the trial court, on several occasions, appears to have misstated the status of recreational marijuana use as "illegal." However, the record indicates that the trial court's characterization of appellant's marijuana use as illegal was unrelated to its determination of the appropriate sentence.

{¶ 13} Early in the sentencing hearing, the trial court noted its "opinion there is a serious chemical dependency issue here." Indeed, when the trial court accepted appellant's guilty plea on September 3, 2024, it released him pending sentencing with the condition that he not ingest any substances of abuse. Nevertheless, the trial court noted, appellant appeared for his presentencing investigation interview smelling like alcohol and marijuana. While denying having used marijuana on the day of sentencing, appellant admitted to continued use of marijuana on other occasions and he also tested positive for Suboxone. Additionally, the trial court noted that appellant had declined multiple opportunities to receive treatment for his admitted drug abuse while his case had been pending.

{¶ 14} Put simply, the record reflects that the trial court considered appellant's continued use of marijuana and Suboxone in contravention of its specific instructions in conjunction with his admitted drug abuse issue when it imposed his sentence. The record also shows that the trial court considered appellant's failure to avail himself of any

6.

treatment for his drug abuse after he was released following his plea and prior to sentence. Considering the trial court's stated rationale for the sentence it determined was appropriate, we find that any misstatements the trial court made regarding the legality of appellant's marijuana use were inconsequential to that determination. As a result, we find that the trial court's imposition of sentence was not unreasonable, arbitrary, or unconscionable and his single assignment of error is found not well-taken.

### III. Conclusion

{¶ 15} For these reasons, we find appellant's single assignment of error not well-taken, and we affirm the November 15, 2024 judgment of the Ottawa County Municipal Court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.